UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

    v.

JOHN WAYNE ZIDAR, et al.,

    Defendants.

CASE NO. C00-823C

ORDER

This matter comes before the Court on the Receiver's Motion to Adjust the Verified Amount and Pro Rata Distribution for Baron John Kuipers and William Orazi (Dkt. No. 369) and Claimants William and Evleen Robson's Motion for Reconsideration (Dkt. No. 379). The Court has carefully considered the papers filed by the parties and hereby finds and rules as follows:

I. RECEIVER'S MOTION TO ADJUST

The Receiver moves the Court to reduce the Verified Amounts for Baron John Kuipers and William Orazi that the Court approved in its February 8, 2005 Order ("February Order"). In his response, attorney David Smith requests that the Court reconsider its denial of claims Kuipers made on behalf of three investors.

//

ORDER – 1

### A. Baron John Kuipers

In March 2005, the Receiver obtained new information from the U.S. Attorney's Office regarding Kuipers' claim. This information indicates that in July 2000, criminal defendant Elizabeth Ann Phillips forwarded approximately $30,045 to an account controlled by Kuipers. In support of this claim, the Receiver provides a declaration from Phillips and a summary of the account from which the payment was made. In response, Kuipers files a letter written to his attorney, David Smith, in which he states that the funds he received were an advance on a fee for certain professional services, and that he does not have an ownership interest in Asset Strategies.

Kuipers' letter is not sufficient to refute Phillips' sworn statement that she sent $30,045 to an account he controlled. Accordingly, the Court hereby GRANTS the Receiver's Motion to Adjust the Pro Rata Distribution for Kuipers. Kuipers' Verified Amount of loss shall be reduced by $30,045, and the Receiver shall retain the funds withheld from Kuipers as part of the Receivership Assets.

### B. William Orazi

The Receiver originally credited Orazi for a $65,000 Oakleaf investment, resulting in a recommended Verified Amount of $1,828. Information the U.S. Attorney's Office recently provided to the Receiver shows that the criminal defendants wired $10,000 to a Prosper International League account controlled by Orazi. Based on these newly-discovered funds, the Receiver recommends that the Court reduce Orazi's Verified Amount by $10,000, resulting in a final Verified Amount of $0.00.

Orazi did not file a response to the Receiver's motion. Pursuant to Local Rule CR 7(b)(2), a Court may consider a party's failure to file papers in opposition to a motion to be an admission that the motion has merit. Accordingly, the Court hereby GRANTS the Receiver's Motion to Adjust the Pro Rata Distribution for Orazi and thus reduces Orazi's Verified Amount to $0.00. The Receiver shall retain the funds withheld from Orazi as part of the Receivership Assets.

### C. Investors' Motion for Reconsideration

In his response to the Receiver's motion, Smith requests that the Court reconsider its denial of

ORDER – 2

claims that Kuipers made on behalf of three investors. Local Rule CR 7(h)(1) provides: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Further, such a motion is to be filed within ten judicial days of the order to which it relates. CR 7(h)(2).

The claimants have not shown either that there was manifest error in the Court's prior ruling or that the documents on which they base their argument contain new facts that could not have been brought forward earlier with reasonable diligence. Further, the claimants filed the current motion nearly four months after the Court issued its February Order, and therefore the motion is not timely filed. Accordingly, the Court hereby DENIES the claimants' Motion for Reconsideration.

## II. THE ROBSONS' MOTION FOR RECONSIDERATION

Claimants William and Evleen Robson request that the Court reconsider its February Order denying their objection to the Receiver's proposed Verified Amount.[1] The Robsons submit a wire request from Abana Exitosa to SSB&T that has several hand-written notations on it and an initialed "Posted" stamp in the lower right-hand column. They argue that this document shows that SSB&T transferred funds on their behalf to an account maintained by Phillips.

The Court appreciates the efforts the Robsons have undertaken to secure documentation of this transfer and the complexity that the liquidation of SSB&T adds to this endeavor. The document they present, however, does not prove that SSB&T transferred the $161,750 they now claim. Without a wire transfer form or an explanation from SSB&T as to the meaning of the markings, a finding that the transfer occurred is not warranted. Accordingly, the Court hereby DENIES the Robsons' Motion for Reconsideration.

---

[1] The Court notes that the Robsons filed the current motion more than two months after the Court issued its February Order. Thus, pursuant to Local Rule CR 7(h)(2), their motion is not timely filed.

ORDER – 3

SO ORDERED this  27th  day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4