UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN WAYNE ZIDAR, et al.,

Defendants.

CASE NO. C00-0823C

ORDER

This matter comes before the Court on a motion for entry of partial final judgment by a number of claimants and sub-claimants (collectively, "Claimants"). (Dkt. No. 438.) Having considered the papers submitted and finding oral argument unnecessary, the Court finds and orders as follows.

The eleven Claimants (out of approximately 3,200 total) that now seek entry of final judgment do so because their appeal to Ninth Circuit was deemed premature and dismissed voluntarily. Under Federal Rule of Civil Procedure 54(b), a district court may not enter final judgment as to fewer than all claims or parties unless it finds that "there is no just reason for delay." Such partial judgments are not favored as they lead to splintered appeals and delay final resolution in the trial courts. "Because of the strong federal policy against piecemeal review, several courts have stated that the district court should [enter partial judgment] only in the infrequent case in which a failure to do so might have a harsh effect." CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2659, at 108 (3d ed. 1998). There are

ORDER – 1

sound reasons for permitting interlocutory appeals in receivership cases under certain circumstances, *see* 10 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.29[6] (3d ed. 2006), but not when the claimants' challenge is only to the denial or assessment of claims rather than a receiver's "refusal to wind up the receivership or to take steps to accomplish the purposes thereof." *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1490 (1st Cir. 1996).

This case obviously involves many parties and claims, and the Claimants argue that there is no just reason to wait for a complete final judgment because there "plainly exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" (Reply 5 (quoting *O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003)).  However, the only specific "danger of hardship or injustice" identified in Claimants' papers—other than their dissatisfaction with the idea of simply waiting for the receiver's final proposed distribution—is the risk that the Court will approve the distribution of all receivership assets before Claimants' appeal has been fully resolved.

In fact, the receiver has represented that he will not petition the Court for authorization to make a final distribution of receivership assets until after he submits a proposed final distribution and all appeals therefrom are fully resolved.  Even were the receiver to do so, the Court would not approve such a distribution before a final appellate resolution.  Under these circumstances, the Court cannot find that an additional delay would be prejudicial to the Claimants, and therefore DENIES the Claimants' motion for entry of partial judgment.

SO ORDERED this 31st day of May, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 2