THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WAYNE ZIDAR, et al.,<br><br>Defendant. | CASE NO. C00-0823-JCC<br><br>ORDER |

This matter came before the Court on the Receiver's March 25, 2011 Report and Motion for Order Directing Disbursement of Funds. (Dkt. No. 562.)

The Receiver submitted an attachment, identified as the "Final Distribution Plan," with his motion. The Final Distribution Plan lists each investor claimant and identifies his or her "Verified Amount" of investment loss and his or her "Pro Rata Ratio."

As of the date of the motion, the Receiver reported that the assets managed and controlled by his office ("Receivership Assets") totaled $560,167.12. He also reported that the verified losses ("Verified Amount") for all claimants totaled $61,678,922.93. The Receiver calculated a "Pro Rata Ratio" by dividing the Receivership Assets by the total Verified Amount. Accordingly, the Receiver recommends that each investor receive a Pro Rata Ratio of .0090818

ORDER
PAGE - 1

of his or her Verified Amount.

The Court has considered the Receiver's motion, and the pleadings and declarations on file in this action.

Based on the pleadings, declarations and records on file, the Court orders as follows:

IT IS ORDERED that the Court GRANTS the Receiver's motion (Dkt. No. 562), approves the Receiver's March 14, 2011 Final Distribution Plan, and directs the Receiver to make distributions to each claimant based on the Pro Rata Ratio recommended in the Final Distribution Plan.

IT IS FURTHER ORDERED that the Court approves the Receiver's Pro Rata Ratio calculation.

IT IS FURTHER ORDERED that the Pro Rata Ratio distribution is .0090818 of investment loss, or $560,167.12 (Receivership Assets) divided by $61,678,922.93 (total Verified Amount of loss).

IT IS FURTHER ORDERED that given the comment and review period in 2004 and 2005, there is no need to allow for a notice and/or objection period prior to administering the final and supplemental monetary distribution.

IT IS FURTHER ORDERED that the Court confirms its November 12, 2009 order that Richard Green, Orest Basil Iwaschuk and Benjamin Sher shall not be included in the final distribution due to their failure to respond to the initial April 15, 2005 monetary distribution and subsequent communication from the Receiver.

IT IS FURTHER ORDERED that the Final Distribution Plan, attached as Exhibit A to the Declaration of Receiver Michael D. McKay in Support of Motion for Order Directing Disbursement of Funds at ¶2, shall be the final determination of approved investor claims in this

matter.

IT IS FURTHER ORDERED that the Receiver shall make distributions pursuant to the Final Distribution Plan by mailing the disbursement checks via U.S. Mail within twenty (20) days of the Fed. R. App. P. 4(a)(1)(B) deadline for filing a notice of appeal, but not before the Fed. R. App. P. 4(a)(1)(B) deadline has passed.

IT IS FURTHER ORDERED that the Court confirms its November 12, 2009 order and the Receiver shall distribute the pro rata equivalent of Mr. Roland Baldwin's $65,994.00 investment in Rosewood to the 64 investors who invested in the Higher Education Student Assistance Foundation. The 64 investors shall receive a percentage distribution equivalent to their percentage of the $65,994.00 investment.

IT IS FURTHER ORDERED that the Final Distribution Plan shall incorporate the rulings in all court orders related to the initial April 15, 2005 monetary distribution, including orders entered both before and after the April 15, 2005 distribution.

IT IS FURTHER ORDERED that, consistent with the 2005 distribution, the Receiver shall forward the entire amounts owed attorney David Smith's clients directly to David Smith by wire transfer within twenty days (20) after the Fed. R. App. P. 4(a)(1)(B) deadline, but not before the Fed. R. App. P. 4(a)(1)(B) deadline. Attorney David Smith shall forward the disbursements to each of his clients identified in Exhibit B attached to the Declaration of Receiver Michael D. McKay in Support of Motion for Order Directing Disbursement of Funds at ¶3.

IT IS FURTHER ORDERED that any funds not cashed within 90 days of the date of mailing shall be cancelled, and the remaining funds shall be donated to the U.S. Department of Justice's Office for Victims of Crime.

IT IS FURTHER ORDERED that the Receivership shall wind up once the Receiver

distributes the assets pursuant to the Final Distribution Plan and confirms that each investor has been paid pursuant to the plan, or the remaining funds have been donated to the U.S. Department of Justice's Office for Victims of Crime.  The Receiver shall file a notice with the Court that confirms that all funds have been distributed pursuant to the Final Distribution Plan.

DATED this 4th day of May 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE